2 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Brian MIDDLETON, Defendant-Appellant.
 No. 92-30226.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided Aug. 2, 1993.
 
 1
 Before FARRIS and THOMPSON, Circuit Judges, and HARDY,** District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 This is a direct appeal from a final judgment of the district court. Defendant-Appellant Tony Brian Middleton appeals from his conviction for being a felon in possession a firearm, in violation of 18 U.S.C. Sec. 922(g). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742(a).
 
 
 4
 Middleton argues that (1) his possession of a rifle was lawful under Oregon law; (2) the district court erred in refusing his proposed jury instructions; and (3) there was insufficient evidence to support the jury's finding that he possessed a revolver.
 
 Standard of Review
 
 5
 Where the issue is, as in this case, whether the other jury instructions in their entirety adequately cover the defense theory, we review de novo. United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992)
 
 
 6
 When evaluating a claim of insufficient evidence to support a jury verdict, this Court reviews the record as a whole, in the light most favorable to the government. Gomez-Osorio, 957 F.2d at 640. "Our inquiry is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Id., (quoting United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988) (emphasis in original), (quoting Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979))).
 
 
 7
 The Court does not reach the issue of Middleton's possession of the rifle.
 
 Discussion
 
 8
 18 U.S.C. Sec. 922(g) prohibits the possession of any firearm by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.
 
 
 9
 On February 5, 1992, the jury returned a verdict finding Middleton guilty of a single count of unlawful possession on May 6, 1991, of a Ruger .44 magnum revolver and a Marlin 30.30 rifle, subsequent to his conviction for a crime punishable by imprisonment for a term exceeding one (1) year, in violation of 18 U.S.C. 922(g).
 
 
 10
 The district court did not err in refusing Middleton's proposed jury instructions on possession and the theory of defense. Middleton requested that the jury be instructed on possession as follows:
 
 
 11
 A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it.
 
 
 12
 More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.
 
 
 13
 However, mere presence or accessibility is not enough to establish proof of knowledge and actual dominion or control.
 
 
 14
 Middleton also requested an instruction giving his theory of the case. Middleton's Requested Jury Instruction No. 17 states:
 
 
 15
 The theory of defense is that Tony Middleton may have been involved with the attempted sale of the guns to Willis Rees but that he did not possess the guns.
 
 
 16
 I instruct you that possession has the definition I have already given you. I further instruct you that a person may have a property interest in something without possessing it. A person may receive money in exchange for an item without possessing the item. Involvement in the sale of the firearms alone is not sufficient to constitute possession.
 
 
 17
 The district court gave only the first two paragraphs of the requested instruction on possession, which is the Ninth Circuit Model Jury Instruction No. 3.16. The district court further refused to give Requested Instruction No. 17, the theory of the defense instruction.
 
 
 18
 "A criminal defendant is entitled to an instruction regarding his theory of the case, but is not entitled to the particular and specific language he proposes." United States v. Washington, 797 F.2d 1461, 1476 (9th Cir.1986), citing, United States v. James, 576 F.2d 223, 226-27 (9th Cir.1978).
 
 
 19
 Nothing in the third paragraph of Middleton's proposed instruction on possession would have required the jury to find an element in addition to the district court's instruction in order to reach their verdict. Likewise, the instruction does not allow the jury to reach a guilty verdict on the basis of mere presence of the Middleton at the sale, or of Middleton's property interest in the sale of the weapons.
 
 
 20
 The district court instructed the jury on every element of the Section 922 violation, including: (1) "the defendant knowingly possessed a firearm" and (2) "that firearm had previously been transported in interstate commerce" and (3) "at the time the defendant possessed the firearm, defendant had been convicted of an offense punishable by imprisonment for a term exceeding one year" and (4) the offense took place on or about May 6, 1991, in the state of Oregon." Further, the district court instructed the jury that in order to find that Middleton possessed each weapon, they must find that he knew of its presence, and either had physical control of it, or had the power and intention to control it. The instructions therefore adequately cover Middleton's defense theory. See Gomez-Osorio, 957 F.2d at 642-43.
 
 
 21
 A review of the complete record indicates that a reasonable juror could infer from the evidence that at some time on May 6, 1991, Middleton was in possession of both the rifle and revolver.
 
 
 22
 Carol Dundom testified at trial that on May 6, 1991, she met Plaintiff on the street near "Baloney Joe's" in Portland, Oregon. Middleton and another man, identified only as "James," were attempting to sell a pistol to a group of men. Ms. Dundom asked Middleton for a ride to Old Town, where she hoped to buy drugs. Middleton drove the car, James sat in the front passenger seat, and Ms. Dundom sat in the back seat. Ms. Dundom was aware of the revolver and rifle in the back seat of the car. During the ride, Ms. Dundom stated that she knew a place, the Payless Store, to sell the weapons. Before they reached the Payless Store, James jumped out of the car. No evidence indicates that James ever returned or took any further part in the events of May 6, 1991.
 
 
 23
 At this point, the jury could infer that Middleton had either sole possession of the weapons once James left, or that Middleton and Ms. Dundom shared possession of the weapons.
 
 
 24
 Before entering the Payless Store, Middleton and Ms. Dundom discussed the sale of the weapons. When Ms. Dundom spoke with Mr. Rees, the owner of the store, about a price for the weapons, Middleton was standing beside her. Then Ms. Dundom "backed off," and went to get something to eat in the store. Middleton and Mr. Rees continued to talk. Middleton and Ms. Dundom left the store to retrieve the weapons from the car. Ms. Dundom carried the revolver into the store, and Middleton carried in the rifle. The revolver was placed on the deli case, and Mr. Rees set it out of the way. Ms. Dundom then left Middleton alone with Mr. Rees, in order to drive the car, which had been double-parked, around the block. When Mr. Rees examined the rifle, with the revolver sitting unexamined on his work table, he was dealing only with Middleton. At that point, Officer Zahler entered and arrested Middleton.
 
 
 25
 Because Mr. Rees had not indicated any intent to buy the weapons (nor did he ever so indicate), the jury may infer that at this point, Middleton was still in possession of the weapons, i.e., he knew of the weapons' presence, and was exercising his power and intention to control the weapons.
 
 
 26
 When the record as a whole is reviewed in a light most favorable to the government, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Therefore, sufficient evidence supports the jury's finding that Middleton possessed the pistol on May 6, 1991, in Portland Oregon. See, Jackson v. Virginia, 443 U.S. at 319; Gomez-Osorio, 957 F.2d at 640.
 
 
 27
 While Middleton argues that his possession of the rifle was lawful under Oregon law, his conviction may be affirmed on the basis of possession of the revolver, and it is therefore not necessary to determine whether possession of the rifle supports the predicate conviction under 18 U.S.C. Sec. 922(g)(1).
 
 
 28
 Affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Charles L. Hardy, Senior United States District Court Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3